IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH LOPER and § | | |
| SHERRY LOPER § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:09CV692 LG-RHW |
| § | | |
| RAPP HYDEMA U.S., INC. and § | | |
| RAPP HYDEMA AS § | | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [36] filed by Rapp Hydema AS and joined by Rapp Hydema U.S., Inc. (together, "Rapp"). Rapp asserts the defense of governmental immunity to the Lopers' claims, arguing that it is entitled to dismissal of the claims pursuant to Fed. R. Civ. P. 12(b)(1). The parties have fully briefed the issue. After due consideration of the submissions and the relevant law, it is the Court's opinion that Rapp is not entitled to assert the governmental contractor defense, and their Motion should be denied.

FACTS

Joseph Loper was a shipyard pipe fitter employed by V T Halter. Halter was under contract with the National Oceanic and Atmospheric Administration to build research vessels. Loper was injured while he was readying a component unit manufactured by Rapp Hydema AS for installation. When he opened a flange on the unit, pressurized hydraulic fluid was unexpectedly released and injected into his hand. Loper brings claims of negligence, manufacturing defect, failure to warn, and breach of implied warranties against Rapp. Sherry Loper brings a loss of consortium claim.

THE LEGAL STANDARD

"[W]hen contractors as agents or officers of the federal government . . . work according to government specifications, they are entitled to assert the government's sovereign immunity in suits arising from that activity." *Bynum v. FMC Corp.*, 770 F.2d 556, 564 (5th Cir. 1985). Sovereign immunity is a matter of subject matter jurisdiction. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

However, Rapp's challenge to the Court's jurisdiction is based solely on the government contractor defense, which is an affirmative one. This means that Rapp, as the moving party, has the burden of proof to establish it. *Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 802 (5th Cir. 1993). In practical terms, Rapp must prove

that it is entitled to the governmental contractor defense. If it is successful, the Lopers will be unable to meet their burden of showing that jurisdiction exists. If Rapp is unsuccessful, the Lopers will have met their burden of proof on the 12(b)(1) motion.

## DISCUSSION

V T Halter contracted with the National Oceanic and Atmospheric Administration to build four exceptionally quiet research vessels. A component of the vessels was the Hydraulic Power Unit manufactured by Rapp AS, a Norwegian ship equipment manufacturer. V T Halter contracted with Rapp Hydema US to purchase HPUs manufactured by Rapp AS. Halter then integrated the HPUs into the vessels.

NOAA specified detailed requirements for the HPUs, which Rapp AS followed in designing and fabricating the Units for Halter. NOAA also specified that each HPU undergo factory testing. This was accomplished, and the HPUs were accepted by NOAA and shipped to Halter. The HPUs have been installed into the vessels and are providing satisfactory service.

According to the Amended Complaint, Loper's injury occurred when he began removing output flange covers from the lines on one of the HPUs. The HPU had not been powered up since it had arrived at the vessel construction site. Loper removed several of the twelve covers and connected the hoses. When he removed the next cover, he unexpectedly released high pressure, which shot air, hydraulic fluid and small metal shards through the palm of his hand. It was later discovered that one other of the twelve lines was also pressurized. Loper alleges that the HPU left the care, custody and control of Rapp AS in this improper pressurized state.

Rapp argues that it is entitled to assert the governmental contractor defense because it followed the government's "reasonably precise specifications" in manufacturing the HPU, and gave appropriate warnings of risks Rapp knew about.

The government contractor defense is based on the doctrine of derivative immunity for private contractors first enunciated by the Supreme Court in *Yearsley v. W.A. Ross Construction Company*, 309 U.S. 18 (1940) and later expanded in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988). The concept of derivative immunity extends to private contractors the immunity traditionally afforded to the government when the government engages in a discretionary governmental function. *In re World Trade Ctr. Disaster Site Litig.*, 456 F. Supp. 2d 520, 560 (S.D.N.Y. 2006). The Fifth Circuit has recognized that the purpose of derivative immunity "is to prevent the contractor from being held liable when the government is actually at fault." *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1478 (5th Cir. 1989). When the contractor's actions are not specifically approved by the government then the defense does not apply. *Id.* at 1480.

The Lopers argue that the defense cannot apply to Rapp because neither Rapp entity is a government contractor. Rapp AS contracted with Rapp Hydema US, which contracted with V T Halter, which was the government contractor hired by NOAA to build the vessels. Thus, the two Rapp entities are two and three steps away from being government contractors.

Rapp argues that it does not have to be a direct contractor in order for it to claim

governmental contractor immunity.  It notes that *Yearsley* uses "contractor," "agent" and "representative" interchangeably, and argues that based on the policy set out in *Boyle*, the defense trickles down to subcontractors.  The Court finds little support for Rapp's position in *Yearsley* or *Boyle*, both of which involved claims against a direct government contractor "getting the government's work done."  *Boyle*, 487 U.S. at 505.  Here, neither Rapp entity had a contract with the government.  They were performing their obligations under Rapp Hydema US's contract with Halter.  The Court has not been directed to any cases extending *Boyle* to manufacturers of each component of an item contracted for by the government, and the Court is reluctant to extend *Boyle* in such a manner.  But even assuming that the government's immunity may be invoked by a component manufacturer such as Rapp, Rapp is unable to show that it is entitled to the defense.

In order to invoke the defense, three elements must be proven: (1) the government approved reasonably precise specifications, (2) the government supervised and controlled the implementation of those specifications, and (3) the contractor was not aware of reasons not known to the government that would make the implementation of the specifications unsafe or unreasonable.  *World Trade Ctr. Disaster Site Litig.*, 456 F. Supp. 2d at 563; *see also Kerstetter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000).  The first two conditions "assure that the design feature in question was considered by a Government  officer, and not merely by the contractor itself."  *Boyle* at 512.  Only when the government performed its discretionary function

would state tort law liability frustrate a federal interest. *Id.* The third condition removes the incentive the contractor would have to withhold knowledge of dangers, "since conveying that knowledge might disrupt the contract but withholding it would produce no liability" absent the condition. *Id.*

Rapp goes to great lengths to show that the government approved HPU specifications and even conducted some supervisory activity during the design, manufacturing and testing phases. However, Rapp does not explain which specification required Rapp to ship the HPU with hydraulic pump lines in a pressurized, and therefore potentially dangerous, state. There is no "design feature" alleged to have been involved in readying the HPU for shipping. Any decisions made at that stage were made solely by Rapp in the course of fulfilling its contractual obligations to Halter.

> [T]he protective shield in favor of the contractor collapses when the actions of the government contractor - and not those of the Government - produce the damaging defect. In such a situation, fairness dictates that a government contractor should not be permitted to escape liability by asserting the sovereign immunity of the Government.

*Mitchell v. Lone Star Ammunition, Inc.*, 913 F.2d 242, 245-46 (5th Cir. 1990).

The purpose of the government contractor defense is to provide immunity for a contractor when it is actually the government who is at fault and would be liable if not for its immunity. *See Trevino*, 865 F.2d at 1478. There can be no argument in this case that the government is at fault for Loper's accident. Accordingly, the Court concludes that Rapp is not entitled to the governmental contractor defense. As a result, the Court has subject matter jurisdiction of this cause. The Rapp Defendants'

motion for summary judgment pursuant to FED. R. CIV. P. 12(b)(1) will be denied.

Additionally, it was not necessary for the Court to refer to or rely on the affidavits challenged by Rapp. Rapp's motions to exclude or strike those affidavits will therefore be denied as moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [36] filed by Rapp Hydema AS and joined by Rapp Hydema U.S., Inc. is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Rapp's Motions to Strike or Exclude Affidavits [129], [135], [140], [142], [144], and [147] are **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE